UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

HAROLD D. JONES ]
    Plaintiff, ]
 ]
v. ] No. 1:11-0054
 ] JUDGE HAYNES
KEVIN REA, et al. ]
    Defendants. ]

**M E M O R A N D U M**

Plaintiff, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed this action under 42 U.S.C. § 1983 against the Defendants: Kevin Rea, the Health Services Administrator at the Turney Center Industrial Prison; the Tennessee Department of Correction; Jerry Lester, Warden of Turney Center; Otis Campbell, a physician at Turney Center; and Tim Hamsche, a physician's assistant at Turney Center, Plaintiff seeks damages for denial of his Eighth Amendment right to adequate medical care.

According to his complaint, on November 15, 2010, Plaintiff slipped on some water in his cell at Turney Center and fell, injuring his back. Plaintiff alleges that the defendants failed to provide him with adequate care for his injury. Plaintiff, however, admits that medical staff at Turney Center examined him after his fall. Plaintiff further alleges that he received several different

medications to ease his discomfort and treat the injury.[1]

To state a claim for relief under § 1983, the Plaintiff must alleges facts prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, supra at 429 U.S. 105-106. Thus, the Plaintiff has failed allege facts that the named Defendants were deliberately indifferent to his injury. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the Plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When

---

[1] Plaintiff has chosen not to sue anyone at the Whiteville Correctional Facility.

a prisoner proceeding *in forma pauperis* has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order no filed herewith.

_____
WILLIAM J. HAYNES, JR.
United States District Judge